## LATTSCO, INC. v MUTUAL MORTG. & INVESTMENT CO. et

Common Pleas Court, Cuyahoga Co

No 501977. Decided March 5, 1941

Silber & Soltz, Cleveland, for plaintiff.

William H. Rosenfeld, Henry S. Brainard, law director and Arthur E. Griffith, Cleveland, for defendants.

## OPINION

By HURD, J.

This is an action for injunction brought by the plaintiff, the owner of a five story apartment building located at 10017 Lake avenue on the southerly side thereof near its intersection with West Boulevard to restrain the defendant, William D. Guion, as commissioner of building and smoke of the city of Cleveland, from issuing a permit to the defendant, The Mutual Mortgage & Investment Company, for the erection and construction of a four-story apartment building on premises, described in the petition, which adjoin the premises of plaintiff immediately to the east at what is known as 10003 Lake avenue in the city of Cleveland.

The petition recites that the defendant, The Mutual Mortgage & Investment Company had made application to the commissioner of buildings for a permit to build an apartment house on the property described in the petition in June of 1940 which permit was refused by said commissioners who being a ministerial officer only had not the authority to grant such a permit inasmuch as it would be in violation of the provisions of the Zoning Ordinance of the city of Cleveland which restricted construction in this neighborhood to two-family dwelling houses.

The petition further recites that thereafter on appeal to the Board of Zoning Appeals the decision of the commissioner was sustained but a rehearing was allowed and on said rehearing the Board of Zoning Appeals on September 9, 1940, reversed its own decision and the decision of the building commissioner and thereupon authorized the issuance of the permit by the building commissioner subject to certain conditions set forth in its order.

The evidence discloses that the premises of the defendant, The Mutual Building & Investment Company, on which it is proposed to construct an apartment house, consists of a parcel of vacant land 100 feet wide by 200 feet long, which lies between two apartment house buildings, one immediately to the east, being a very large apartment house located on the southwest corner of Lake avenue and West Boulevard, and the other, the plaintiff's apartment house, located on premises immediately contiguous to the premises to the west.

To the west of the plaintiff's building is another apartment building of four stories which is now in the last stages of construction.

The evidence further discloses that the zoning ordinance in question became effective on the 5th day of November, 1929, and that the apartment building on the corner and the apartment building owned by the plaintiff, had been erected prior to that date, commonly denominated as "nonconforming uses".

The evidence discloses, however, that the permit for the apartment house now nearing completion to the west of plaintiff's property had been granted as late as June, 1940.

It is conceded by the plaintiffs that no charge is made that the Zoning Board of Appeals was guilty of any fraud or malfeasance and that the decision of the Zoning Board of Appeals was arrived at after due and deliberate consideration by the members thereof, but it is claimed that the conclusions reached were arbitrary and inconsistent resulting in undue hardship upon all the owners, including the plaintiff, to the extent that the action of the Zoning Board constituted an abuse of discretion.

It would appear that the single question presented for determination by this court is as to whether or not the Board of Zoning Appeals was guilty of an abuse of discretion. It is a well settled rule of law that in the absence of fraud, bad faith or an abuse of discretion a court of equity will not attempt to substitute its judgment for the judgment of an administrative or executive officer or board when acting within the limits of discretion vested in them by law. The following Ohio authorities cited and quoted in de-

fendant's brief are illustrative of the principle:

"The rule is firmly established that the courts will not interfere with executive officers or boards in the performance of duties which are discretionary in their nature or involve the exercise of judgment unless the action amount to fraud, bad faith, or a gross abuse of the judicial discretion conferred upon such officer or board." 32 O. Jur. 930. **Hocking Valley Railway v Public Utilities Commission, 92 Oh St 362; Hartwig Realty Co. v Cleveland, 16 Abs 600, Cuyahoga County Court of Appeals; Butler v Karb, 96 Oh St 472 (at page 481); State v City of Lakewood, 41 Oh Ap 9 (at page 19); Storier v Heasley, 52 Oh Ap 282, 6 OO 353.**

Upon careful consideration and analysis of all the facts we fail to find any evidence of an abuse of discretion by the Zoning Board of Appeals in this case. It is in our opinion difficult to discern in what manner the Zoning Board of Appeals can be guilty of an abuse of discretion when it permits the erection of an apartment building on a vacant lot between two apartment buildings already in existence with another in the course of construction on land immediately adjoining. Logic and reason compel the conclusion that this vacant land by reason of the existence of apartment houses on both sides is practically useless for any other purpose. Certainly the highest and best use of the land in question is for apartment house purposes. This proposition is amply supported by the evidence in this case. If the Zoning Board of Appeals were here attempting to extend the apartment house area into new territory an entirely different question would be presented for our determination.

The plaintiff in this case is in the doubtful position of enjoying a use of its land which he would deny to the defendant, thereby in effect attempting to secure and perpetuate a special privilege in its own behalf. The position of the plaintiff in this case hardly gives rise to any great standing in a court of equity where the doctrine of equal rights and privileges should inure to the benefit of all. But excluding from our consideration entirely the peculiar position of the plaintiff herein, the surrounding facts and circumstances all negative most decisively any evidence of an abuse of discretion on the part of the Zoning Board of Appeals in granting the permit in question.

Although the plaintiff is itself the owner of an apartment building at this location, it argues that under certain conditions apartment houses are undesirable, objectionable, and tend to reflect upon the property value in a residence district. As a general, abstract proposition, this statement is correct, but each case must stand upon its own merits. If there were not now apartment houses on both sides of the vacant lot in question, and another apartment house nearing completion immediately adjoining plaintiff's apartment building to the west, this argument would have substance, but in view of the evidence in this case and all of the facts and circumstances surrounding it, such an argument lacks the force of reason and logic.

The variance granted by the Zoning Board of Appeals in this case is in conformity with the variances already existing, two prior to the effective date of the Zoning Ordinance and one subsequent thereto.

It is true, as contended by the plaintiff that in the first instance the Zoning Board of Appeals denied the application for permit, but it is also true that at the subsequent hearing new evidence was introduced and new plans submitted, and the board made the finding—

"that the submission of new plans justified the board in reconsidering and reversing its previous decision and making the exception requested."

It is our conclusion that all the evidence tends to indicate an exercise of sound discretion by the Board of Ap-

peals and therefore the injunction should be denied.

For the reasons stated therefore the injunction is denied, petition dismissed at plaintiff's costs, and exceptions allowed.